Kendall Hudson
Hz.-2908
SCI FOREST
Po Box 33028
St. Petersburg, FL 33733

S O I G A
1920 Technology Parkway
Mechanicsburg, PA 17050

January 8, 2025

RE: SCI MAHANOY failing to respond to Grievance's

I'm writing in regards to SCI Mahanoy failure to timely respond or respond at all. They are maliciously doing this to obstruct my exhaustion requirements for litigation I'm bring forth. Since I have been transferd from SCI Mahanoy I havn't recived no response or status of the following grievance's:

• 1175555- IRR recived 11/14/25 - appeal to FSM 11/15/25 no response
• 1172941- IRR recived 11/7/25 - appeal to FSM - 11/12/25 no response
• 1181055- IRR no response
• 1171052- IRR no response.
• 1174275- IRR recived 11/14/25 - appeal to FSM 11/14/25 no response
• 1181906- IRR no response
• 1172071- IRR recived 11/3/25 - Appeal to FSM - 11/12/25 no response
• 1179330- IRR recived 12/12/25 - Appeal to FSM - 12/13/25 no response

Do to the retaliatory nature of there unlawful misconduct I ask that you have them provide me with any of the response's to above mentioned grievance's and allow me to exhaust my remedies in good faith. This is not my doing, this is there doing they control rather the responses get to me or not. I also sent them a grievance pertaining to two commissary orders I didn't recived by I was in the RHU can you check and see if that was even logged in. If not I've provide a grievance pertaining to it can you make sure it get logged. Thank you so kindly in advance.

Sincerly,
Kendall Hudson

UNITED STATES DISTRICT COURT FOR
EASTREN DISTRICT OF PENNSYLVANIA

KENDALL HUDSON, Prose

        Plaintiff

    V.

Laurel Harry, (Secreatary of PA DOC)
Bernadate Mason, (superintendent of SCI mahanoy)
Eyer, (Deputy superintendent of SCI mahanoy)
Sokaloski, (Deputy superintendent of SCI mahanoy)
Muick, (CCPM)
T. Larson, (Unit manser)
Vieney, (unit manser)
Evans, (Sergeant correction offcier 2)
Houser, (Resional Deputy Secreatary of PA DOC)

        Defendants

CIVIL NO:

_____

JURY TRIAL
DEMANDED

## COMPLAINT

   Plaintiff Kendall Hudson, brings this complaint for Declaratory, Induanctive, and monetary relief for violations of his Rights under the Eighth Amendment, First Amendment, and 14th Amendment to the United States Constitution, Pursuant to 42 U.S.C §1983.

## JURISDICTION AND VENUE

   1. This Court has Jurisdiction under 28 U.S.C. §§1331 and 1343 because this action arises under the Constitution and laws of the United specifically 42. U.S.C. §1983.

   2. Venue is Proper in this District as substantial events occurred within this Jurisdiction.

(1 of 32)

## PARTIES

3. Plaintiff Kendall Hudson is Pro Se and is at all times relevant to this Complaint incarcerated at the State Correctional Institution at SCI Forest P.O. Box 307 286 Woodland Drive, Marienville. PA 16239.

4. Defendant Laurel Harry is Secreatary of PA Department of corrections. She is sued in her individual and offical capacity. her mailing address is D.O.C. 1920 Technology Parkway, Mechanicsburg PA 17050.

5. Defendant Bernadate Mason is Superintendent at SCI Mahanoy She is sued in her individual and offical capacity, her mailing address is SCI Mahanoy, 301 greyline Drive, Frackville PA 17931.

6. Defendant Eyer is Deputy Superintendent at SCI Mahanoy, he is sued in his individual and offical capacity, his mailing address is SCI Mahanoy, 301 greyline Drive, Frackville PA 17931.

7. Defendant Sokaloski is Deputy Superintendent at SCI Mahanoy, he is sued in his individual and offical capacity, his mailing address is SCI Mahanoy 301 greyline Drive Frackville PA 17931.

8. Defendant Munick is CCPm at SCI Mahanoy he is sued in his individual and offical capacity, his mailing address is SCI mahanoy, 301 Greyline drive, Frackville PA 17931.

9. Defendant Larson is Unit Manger of B-Block at SCI Mahanoy she is sued in her individual and offical capacity, her mailing address is SCI Mahanoy, 301 greyline Drive, Frackville PA 17931.

10. Defendant Vieney is unit manger of H-Block (RHU) at SCI Mahanoy she is sued in his individual and offical capacity, his mailing address is SCI Mahanoy, 301 greyline Drive, Frackville PA 17931.

11. Defendant Evans is Sergeant of B-Block at SCI Mahanoy, he is sued in his individual and offical capacity, his mailing address is SCI-Mahanoy 301 Grey line Drive, Frackville PA 17931.

12. Defendant Houser is Regional Deputy Secretary of the D.O.C. he is sued in his individual and offical capacity, his mailing address is ~~XXXXXXXXX~~ D.O.C. 1920 Technology Parkway, Mechanicsburg PA 17050.

(2 of 32)

## FACTS AND CONSTITUTIONAL VIOLATIONS

13. Plaintiff Kendall Hudson is an incarcerated individual within the Pennsylvania Department of corrections and known Jail house lawyer who advocates for constitutionally adequate conditions of confinement.

14. Defendant Laurel Harry Secretary of the Department of corrections, Mason, superintendent, Muick, CCPM, Larson, Unitmanser, Vieney, Unit manager, Evans, Sergeant, and Houser Regional Deputy secretary acted Jointly and individually to target Plaintiff in a malicious and retaliatory manner due to his protected legal activity.

15. Upon arrival at SCI Mahanoy, Plaintiff and numerous inmates began suffering health problems including fatigue, muscle weakness, and headaches. Plaintiff reasonably believed the prison water supply was contaminated and unsafe for human consumption.

16. On July 27 2025, Plaintiff notified Defendant Mason via request to staff that the water was causing him health problems, stating: "I've been experiencing fatigue, muscle weakness, stomach pains, and headaches.

17. Plaintiff requested mitigation including access to bottled water, replacement of water filters, and distributions of weekly bottled water.

18. Plaintiff warned that long-term consumption of water would deteriorate inmate health.

19. On August 4, 2025, Defendant Mason responded dismissing the complaint and refused to take corrective action. See EXHIBIT A

20. Defendant Mason had actual notice through Plaintiff and multiple inmates complaints yet failed to act.

21. On August 15, 2025 Plaintiff served Defendant Mason and Harry with a legal demand letter and notice of potential litigation. After this protected activity, Defendants retaliated against Plaintiff by targeting him with harrassment, threats of discipline, intimidation, heightened scrutiny, and adverse treatment intended to silence his

(3 of 32)

legal advocacy. These actions would deter a person of ordinary firmness from exercising constitutional rights.

22. The legal demand letter and notice of potential litigation was served on Defendants to notify them of serious health hazards caused by contaminated drinking water at SCI Mahanoy and to show Defendants reasonable methods to mitigate the dangerous conditions Plaintiff and others were being exposed to. See Exhibit __B__

23. Providing notice and an opportunity to mitigate satisfies the knowledge requirements for deliberate indifference. Farmer V. Brennan, 511 U.S. 825 (1994).

24. Plaintiff demanded the following actions be implemented within fifteen (15) day:

1. Daily filter replacement on all inmate water fountains;
2. Bottled water available through commissary at same availability as sodas.
3. Weekly free sealed bottled water until independent testing confirms safety.
4. Public disclosure of water testing reports consistent with EPA standards.

25. Courts recognize that refusal to implement reasonable mitigation after notice support Eighth Amendment liability. Young V. Quinlan, 960 f.2d 351 (3d Cir. 1992)

### Defendants response Admitting Water Issues

26. On August 19, 2025, Defendants responded by memo stating they were aware of water discoloration due to switching from municipal water to a water tank, claimed the water was tested, and stated bottled Water would be provided during the transition. This response came 4 days after Plaintiff served Defendants the demand letter. See Exhibit __C__

(4 of 32)

27. This admission establishes actual knowledge of unsafe conditions. Actual knowledge may be inferred from official statements and responses to inmate complaints. Beer-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001).

### Failure to meet Demands after Admission

28. Despite admitting water discoloration and concerns, Defendants Harry, and Mason failed to meet the mitigation demands. Bottled water was only distributed for one day.

29. No independent testing was disclosed. Conditions never improved. Failure to act after admitting a serious risk constitutes deliberate indifference. Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003).

### Continued Exposure and Worsening Health

30. Plaintiff remained exposed to contaminated water and became sicker and weaker by the day. The Eighth Amendment protects prisoners from exposure to environmental hazards that pose a risk of future harm, even before permanent insort occurs. Helling v. McKinney, 509 U.S. 25 (1993).

### Deliberate Indifference After Notice

31. Defendants Mason, Harry, Exer, Sokaloski, Muick had actual notice through grievances, requests to staff, the legal demand letter and their own written admission.

32. Defendants had the ability to mitigate, as shown by temporary water distribution, yet intentionally stopped mitigation. Deliberate indifference exists when officals know of and disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825 (1994)

## Retaliation Instead of Remediation

33. Instead of mitigating the hazardous conditions, Defendants Mason, Eyer, Sokaloski, muick, Larson, Vieney, evans Houser, retaliated against Plaintiff for protected conduct. Filing grievances, legal complaints, and serving legal notices are protected activities. Mitchell v. Horn, 318 F.3d 523 (3d cir. 2003)

34. Adverse action taken after protected conduct establish retaliation. Allah v. Seiverling, 229 F.3d 220 (3d Cir 2000).

## Causation and Temporal Proximity

35. Retaliation occurred shortly after Plaintiff served the legal demand letter and raised constitutional concerns. Temporal proximity between protected activity and adverse action supports causation. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001).

36. Defendant Evans Malicously targeted Plaintiff on 9/8/25 shortly after legal Demand was served on Defendants Harry and mason. Defendant Evans Warned Plaintiff that he had pissed somebody off at the top and told him he needed to walk lightly and to mind his buisness about the water in the Jail!

37. Plaintiff told Defendant Evans "I can't mind my buisness about the water if its affecting my Health and yall not doing nothing about it." Defendant Evans responded stating "You continue down the path you headed I'll see to it you go back in the Program."

38. That same day 9/8/25 Defendant Evans provoked Plaintiff targeting him in a retalitory manner to get a reaction, so he can issue a fabericated misconduct, that way Defendant, mason, Harry, Larson, Vieney, Sokaloski, Eyer, and muick can use it to malicously fashion and RRL Petition.

39. Defendant Evans issued Plaintiff a retalitory misconduct for Threating an Emploee, Presence in and unathorize area, using abusive language and Refusing to obey a direct order.

40 Plaintiff was sanctioned 45 days RHU time and loss of Job by Hearing Examiner. Although he was only sanctioned 45 days, Defendants, Mason, Eyer, Sokaloski, and Houser kept plaintiff in the RHU on AC Status Pending RRL Review way pass his 45 days sanctioned time. Without a legitimate Penological intrest.

41. When an IMU Phase 1 inmate receive a misconduct per department Policy 6.5.1. IMU section F. Phase 1 (7) states: If a Phase 1 engages in behavior that results in the issuance of a DC-141, Part 1 misconduct report or DC-141 Part 1 other report the receiving facility shall forward a copy of the Report to the respective RDS and staff Assistant for review and detemination of the inmate status.

42. Contrary to their own Policy Defendant Larson, Mason, Vieney maliciously fashioned an RRL Petition in an attempt to lock Plaintiff back down on RRL. This was also a breach of settlement agreement because Plaintiff recently settled his RRL lawsuit and one of the Provisions in the settlement stated Plaintiff couldn't be Placed back in the IMU/MCU unless a legitimate Penological interest exist.

43. On 10/9/25 Plaintiff stop Defendant Vieney during PRC round and asked him "did you hear Anything back from RDS yet?" Defendant stated "You got a lot more to worry about then RDS when you threatened Mahanoy with lawsuits we lock you down, we putting your RRL Paperwork in and its going to stick this time." He then stated "You have nothing Protecting you this time you settled out your RRL lawsuit its over now."

44. Defendant Vieney was referring to Previously settled lawsuit 2:24-CV-1168-CBB and legal demand letter when he made those comments. see EXHIBIT D.

45. Plaintiff then grieved the retaliation for defendants malicious maneuver in trying to place plaintiff back on RRL in the IMU. It was malicously rejected to obstruct plaintiff access to courts. The Rejection stated: "You cant grieve something that hasn't happened in this case placement on RRL." Plaintiff recived that response on 10/14/25. see Exhibit __E__

46. On 10/16/25 plaintiff met with (PRC) Program Review Committee, defendants Eyer, Sokaloski muick and vieney, they told him his RRL petition was sent up to the superintendent defendant Mason to sign off, then they would await RDS response.

47. On 10/17/25 plaintiff stop defendant Mason as she made her weekly rounds in the RHU. Plaintiff asked her "Why am I in the hole."(RHU) she stated "Why you writing demand letters." Plaintiff stated "I meant no harm in the letter it was a friendly protest about the Unclean water, we started off on the wrong foot I was just trying to show you a way to mitigate the Circumstances you were subjecting us too." She then stated "You came a little strong and that's why your back here I can't have you starting a mass litigation in my prison, by the way I just signed off on your RRL petition."

48. Plaintiff retaliation grievance #1171763 was malicously rejected 10/14/25 it was done only to obstruct plaintiff exhaustion requirments. The rejection stated "You cant grieve something that has not happened in this case placement on RRL." Days later on 10/16/25 plaintiff met with PRC and they told him his RRL Petition is being initiated then on 10/17/25 Plaintiff talked to defendant mason during rounds and she told him she had just signed off on his RRL petition.

49. This clearly shows retalitory and malicious tactics defendants used to obstruct plaintiff access to courts. They boldly rejected a grievance in violation of there own policy, saying you

(8 of 32)

cant grieve something that hasn't happened when ~~they~~ in actuality the RRL petition was in process while they were rejecting the grievance saying ~~You~~ cant grieve something that hasn't happened. see Exhibit __E__

50. Since settlement Defendants has been trying to use the illegal provisions in the settlement agreement to lock Plaintiff down without due process, block his access to courts and outside advocacy groups and organizations.

51. The settlement agreement was done maliciously to retaliate an Prejudice Plaintiff at the time due to plaintiff lack of knowledge in contracts; and settlements defendants was able to get an illegal gag and release. Plaintiff didn't had know idea he was signing away his rights and affecting other litigation. He only thought he was getting his filing fee back, Closing the case and assurance that he wouldn't be ~~bfs~~ Placed back in the Imu /Imcu unless a legitimate Penological intrest warrents it.

52. Defendants knowing they had this illegal window open did everything in there power to lock plaintiff back down, they violated there own department Policy rules and regulations. They was under the assumption now that plaintiff have no rights because the settlement strip him of them they could do what ever and violate Plaintiff's rights. That's why defendant Vieney stated "You settled out your RRL lawsuit" "You have nothing protecting you now."

53. Policy Violation and breach occured when Defendants ~~bfs~~ took initative in requesting an RRL Packet for a misconduct that didn't warrent such drastic measures. RRL Packets are only initiated as Policy states for Imu failures, or major misconduct that in voles ~~ab~~ assualt with weapons, attempt escapes, assualt on guards and things of that nature.

54. Imu Phase 1 inmates recive misconducts all the time and is never put through such drastic measures. They set there if misconduct it's threatins and employee, after there RHU time the facility PRC will transfer him to another facility. Rarely an RRL petition is fashioned unless something drastic warrents it.

55. The illegal Provisions of the settlement Defendants were taking advantage of at the time were:

Hudson hereby agrees to fully, forever, irrevocably, and unconditional remise, release, settle, and completely and forever discharge the COMMONWEALTH OF PENNSYLVANIA, the DEPARTMENT, Laurel Harry, Geora M. Little, Michael Wenerowicz, Randy Evans, Stephen Buzas, and Daniel Coolenan, along with each of the Department's Past, Present, and future officer's employees, attorneys, agents and representatives of and from any and all claims, actions, suits, causes of action, or demands for damages of whatever nature or kind which arise out of or relate to the events described in the complaint and due process related to HUDSON's housing in the RHU, Imu, and RRL. This includes but not limited to any claim asserted or which could have been asserted against the COMMONWEALTH OF PENNSYLVANIA or the DEPARTMENT.

and

Hudson along with his officers, employees, attorneys, agents and representatives, further agrees and covenant that neither he nor any Person, organization, or entity on his behalf will file, charge, sue, claim, or cause or permit to be filed, claimed or charged against the COMMONWEALTH OF PENNSYLVANIA or the DEPARTMENT, along with each of its Past, Present and future officers, employees, attorneys, agents and representatives, any claim, action, suit, cause of action, or demand for damages of whatever nature or kind which arises out of or relates, in any way, to the events outlined in his complaint in Hudson V. Pennsylvania Department of corrections, et. al., 2:24-CV-01168-CBB.

(10 of 3c)

56. Plaintiff received a notice of consideration for RRL on 11/20/25. This was dated 10/30/25 where Plaintiff only had 7 days to respond to the date listed on it. This was another retaliatory tactic PRC used to block Plaintiffs response and his contest to the RRL Petition. See Exhibit __F__

57. RRL Rational stated: Inmate Hudson was transferred to SCI Mahanoy on 6/25/25 to begin his Phase I IMU. He received the class 1 misconduct on 9/8/25. Based on his history of aggressive behavior and attempted violence toward staff, SCI Mahanoy is reviewing him for placement back on RRL list and to be removed from Phase I back to the IMU. His violent behaviors in an institutional setting make him a danger to both staff and inmates.

58. When Plaintiff recived the RRL consideration rationale, in there malicous attempt to lock Plaintiff down, Plaintiff was forced to file motion to reinstate civil proceedings on 12/3/25. The motion was filed due to Defendants breach of settlement by even trying to attempt to Petition an RRL Placement when it wasn't warrented, and no penological intrest existed.

59. When Reinstatement motion was filed 12/3/25 Plaintiff met with RDS Defendant Houser 12/10/25 and was released to General population 12/16/25.

60. Plaintiff releuse to general population was only to moot and dismiss Pending motion and retaliatory in nature because during the RRL interview with defendants Houser he asked the Plaintiff "If we don't send you back to the IMU where would be a good spot you'll be able to stay out of trouble". Our words similar to that Plaintiff responded "chester or Phoenix" that way he'll be close to home Defendant did the complete opposite and sent Plaintiff to SCI forest a Jail thats

(11 of 32)

is 5 hours away from home and where plaintiff got in the most trouble.

60. Defendant houser did this retaliatory transfer so they can try and set a reaction and a legitimate penological interest to lock plaintiff down. Defendant Houser is RDS he is aware of the security threat plaintiff poses on the facility plaintiff was nearly killed twice by corrections officers at the facility and receive street charges for assualts on corrections officers in that facility.

61. The transfer was maliciously done by defendant houser in retaliation for settlement, legal demand letter, and motion to reinstate civil proceedings. Defendants used the transfer to put plaintiff in harms way in hopes he would get into an altercation and moot in dismiss pending motion.

62. Defendant houser disregarded plaintiff's safety and security and put him in harms way when he sent him to SCI forest. There wasn't no need for Defendant houser to ask plaintiff "were would be a good spot you will be able to stay out of trouble at" when he turned around and did the opposite maliciously to put plaintiff in a situation he can be harmed. He abused his position of power to retaliate and cause harm to plaintiff.

63. There were many other facilities that plaintiff could have been sent to but defendant Houser sent him to the facility the furthest from his home and where he gottin into the most trouble.

64. The transfer was also retaliatory because it could have been happened, without an RRL consideration or hearing. Plaintiff sat in the RHU from 9/8/25 to 12/16/25, the transfer only happened when plaintiff filed the motion to reinstate civil proceeding for breaching settlement agreement.

65. IMU phase I inmates are rarely sent to SCI Forest to plaintiff knowledge he is the only IMU phase 1 in the facility. This also shows

(12 of 32)

malicious intent on defendant Houser. There where many other Jails Plaintiff could have been sent to.

66. Defendants knowingly transferred Plaintiff to SCI Forest, a facility where they knew Plaintiff faced a substantial risk of serious harm ~~from~~ from prior assaults.

67. The transfer was retaliatory, punitive, and deliberately indifferent to Plaintiffs safety. Farmer V. Brennan, 511 U.S. 825, 833 (1994). Hamilton V. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) Bistrian V. Levi, 696 F.3d 352, 367 (3d Cir 2012).

### Deliberate Indifference To Conditions

68. On 10/21/25 Plaintiff filed grievance #1174273 in regards to the contaminated water conditions he been exposed to since he entered SCI Mahanoy. He filed it because defendants Harry, Mason, Eyer, Sokaloski, and muick failed to do anything to mitigate the circumstances. SEE EXHIBIT ___6___

69. Plaintiff has been forced to consume contaminated water on numerous occasions, the water comes out brown a lot and contains sediments that float around.

70. Plaintiff knew the water wasn't good for human consumption because when he first drink it he threw it up then became nauseated. once he was able to consume it without throwing up he started to experience stomach cramps weakness fatigue headaches and blood in his stool. Many other inmates had these same symptoms.

71. Plaintiff made numerous attemps contacting administration and outside organizations on this matter and defendants still failed to mitigate it. They chose to retaliate and tried to silence Plaintiff protected conduct with the illegal provisions in the settlement that block his access to courts, block his access to outside advocacy groups and maliciously tried to place him on RRL and transferring him to a spot that place him in danger of being retaliated against.

72. Defendants also failed to properly respond an investigate grievance. The grievance Plaintiff filed on the conditions for Mahanoy contaminated water conditions he recieved the response the same as other inmates who filed grievance on the same issue.

73. The grievance response stated "In response to your allegations, I have reviewed our maintenance department work order system and there has not been any work orders submitted in relation to water issues since July of 2025. However, our maintenance department did work on the water system in September that would have Produced sediment in the system. That discoloration would have run through the system in a matter of hours. The water in the RHU is the same water system for the entire facility. So it would be impossible for your cell to be the only one with brown colored water. When the water system was repaired the RHU gave direction to all inmates to run their water until it ran clear. If your water is discolored, please inform an officer so they can enter a work order. If your medical issues persist. Please utilize our sick call procedures. Due to the above reasons, I am denying your grievance and any relief sought.

74. The response stated "it would have been impossible for your cell to be the only one with brown colored water." Plaintiff cell wasn't the only one with brown water and he wasn't the only one experiencing the same problems with health.

75. Andre collier filed a grievance #1170887 on the same issues, Contaminated water and health problems, he recived the exact same factory stored response. See EXHIBIT ___H___

76. This shows Defendants disregard for health and safety of inmates and Plaintiff and shows there malicious ways of covering up contaminated water Plaintiff and inmates were being exposed to. Its also an admission of sediment and brown colored water exposure.

77. Deliberate indifference exists when Prison officials know of and disregard a substantial risk of serious harm. Farmer V. Brennan, 511 U.S. 825 (1994)

78. The Eighth Amendment protects Prisoners from exposure to toxic environmental conditions posing future health risks. Helling v. McKinney, 509 U.S. 25 (1993)

79. Knowingly exposing inmates to unsafe envioronmental hazards violates the constitution. Atkinson V. Taylor, 316 F.3d 257 (3d Cir. 2003).

80. Defendants failure to remedy dangerous conditions after notice constitutes deliberate indifference. Young V. Quinlan, 960 F.2d 351 (3d Cir. 1992)

81. Defendants Mason, and Harry had actual notice of contaminated water, inmate illness, and medical risk, yet chose inaction. This satisfies both the objective and subjective prongs of deliberate indifference under the Eighth Amendment.

82. Plaintiff has been exposed to these contaminated water conditions since he arrived at SCI Mahanoy, Since his health has deteriorated and medical has been failing to adequately respond to his sick calls, while in the RHU.

83. Well Path employed nurses tell Plaintiff he have to sign the sick call and Pay $5.00 if he want to be seen

or treated.

84. Plaintiff explained to them that he not paying for a health problem that the jail caused due to there contaminated water.

85. They told Plaintiff without a signature on the sick call slip we can't do nothing. Plaintiff was denied treatment when Defendants Mason, and nurses where aware of the situation. Plaintiff filed grievance's and sick call slips and never received treatment.

86 Defendants were placed on formal notice through grievances, request to staff, and a legal demand letter outlining specific mitigation steps to protect inmate health.

87. Defendants admitted water discoloration and briefly distributed bottled water, proving knowledge of risk and ability to mitigate. see Exhibit ___C___

88. Defendants then stopped mitigation without explanation, failed to disclose water testing records, and continued exposing Plaintiff to contaminated conditions.

89. Failure to act after notice constitutes deliberate indifference. Atkinson v. Taylor, 316, F.3d 257 (3d cir. 2003). Helling v. Mckinney, 509 U.S. 25 (1993).

90. Defendants temporary provision of bottled water followed by abrupt withdrawal supports an inference that continued mitigation would have confirmed contamination.

91. Stopping protective measures after notice supports deliberate indifference. Farmer v. Brennan, 511 U.S. 825 (1994).

92. Defendants claimed the water was tested and safe but failed to disclose any testing reports, lab results, or compliance records.

93. Because Defendants alone control this evidence and failed to produce it after notice of litigation, the court may infer the evidence would be unfavorable. Bull v. United Parcel Service, Inc., 665 F.3d 68 (3d Cir. 2012) Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co., 687 F. Appx 304 (3d Cir. 2017)

<div align="center">Denial of Privileges in retaliation<br>for Protected conduct</div>

94. Plaintiff was sent to SCI mahanoy as a Phase 1 Imu Participate. As a Phase 1 Imu Plaintiff gained Privileges during his time in the Program.

95. While in the RHu at SCI mahanoy Plaintiff was denied his AC status Privileges he earned while in the Imu.

96. Once Plaintiff DC sanction 45 days was up Plaintiff was to be able to receive his Privileges he had aquired on Phase 2 which were 4 Phone call a week, 6 video visits a month, tablet, TV, Long term Commissary.

97. Plaintiff was denied all these Privileges in retaliation for the litigation he was bringing forth and to block his outside communications and access to courts.

98. Plaintiff ask Defendants Mason, Solaski, and muick and muick stated "I don't care what you earned as un Imu phase 1 you dont get Privileges when threating us with lawsuits."

99. Defendants Violated there own Doc Policy in Denying Plaintiff his Imu Privilileges while on AC status Pending his RRL consideration. Plaintiff broke down Policy they where violating in request to staff

and grievance he filed on the issue. See Exhibit _I_

## INJURIES

100. Plaintiff has been exposed to the contaminated water conditions at SCI mahanoy for approximately 5 to 6 months. During that time his health begin to deteriorate at an alarming pace.

101. Plaintiff suffered from headaches, stomach pains and cramps, fatigue, and blood in stool. These conditions and stmetons got worser over time. Plaintiff begin breaking out in hives like the water was corroding his skin.

102. Since the transfer Plaintiff fatigue, and headaches went away but he still have sharp excruciating pains in his stomach on occasions.

103. Plaintiff suffers mental and emotional distress from being expose to the conditions at SCI mahanoy. Plaintiff was forced to consume water that was making him ill then on top of that he was placed in the RHU malicously to be placed on RRL, and during this time not only was he deteriorating physically while being placed in the RHU and denied all his privileges he also deteriorated mentally.

104. Plaintiff mental and Physical Health ~~that~~ will never be the same after suffering the brutal conditions SCI mahanoy and Defendants exposed him to.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

105. Plaintiff filed grievance #1174273 on SCI Mahanoy contaminated water condition 10/21/25. see Exhibit G

106. Plaintiff recived response (IRR) Dated 11/4/2025 but he actually recived it 11/14/25.

107. Plaintiff filed appeal to Defendant Mason facility manager appeal on 11/15/25. As stated throush out this complaint she failed to respond. Plaintiff never recived a response.

108. Sometimes Defendants would respond so that it be on record but fail to give the response out.

109. Plaintiff filed grievance #1177974 about the Defendants retaliation on 11/10/25. see Exhibit I

110. Plaintiff recived response (IRR) 12/3/25.

111. Plaintiff filed appeal to Defendant mason facility manger appeal on 12/3/25. Defendant Mason failed to respond obstructing Plaintiff access to courts.

112. Plaintiff filed grievance #1175555 on Defendants failing to respond to grievance's in a timely fashion and failing to respond at all on 11/3/2025. see Exhibit J

113. Plaintiff recived response (IRR) Dated 11/4/25 in actuality he really recived it 11/14/25.

114. Plaintiff filed appeal to Defendant mason facility manger appeal on 11/15/25. Defendant mason failed to respond. Plaintiff never recived the response.

115. Defendant Mason failed to respond to the misconduct appeal and the wrongfully rejected grievance discussed in this complaint.

116. Defendant mason malicously used this tactic to block Plaintiff from exhausting his administrative remidies.

117. Plaintiff made multiple attempts in trying to exhaust his remidies they where just unavalible to him due to the malicous obstruction by mason and defendants.

118. Defendant's maliciously obstructed Plaintiff access to courts by failing to respond and wrongfully resecting a grievance.

119. Since Plaintiff transfer to SCI Forest he tried contacting SCI mahanoy about the Pending grievance's Defendants fail to resseanse. Plaintiff hasn't recived a response since his transfer to SCI forest 12/16/25.

120. Plaintiff wrote the secretary of inmates grievance's and appeals breaking down Defendants unlawful obstruction in failing to respond on January 8 2025. ~~the~~ They hasn't responded.

121. Due to Defendants malicous obstruction Plaintiff claims should be considered exhausted due to the unavaliabilty of the grievance system at SCI mahanoy.

## CLAIMS FOR RELIEF

### COUNT I
First Amendment Retaliation
Defendants Harry, mason, Eyer, sokaloski, muick, Larson, vieney, Evans, Hower

122. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

123. Plaintiff engaged in constitutionally protected conduct by filing lawsuits, legal demand letters, grievances, contacting outside advocacy organizations, and filing a motion to reinstate civil proceedings.

(20 of 32)

124. Defendants individually and collectively subjected Plaintiff to adverse actions including restrictive housing, initiation of RRL proceedings, grievance obstruction, and a retaliatory transfer to a dangerous facility far away from home.

125. Defendants actions were motivated by Plaintiffs protected conduct, as shown by direct statements referencing Plaintiff lawsuit and settlement, and admissions that Plaintiff was punished for writting demand letters and attemeting to start litigation.

126. Adverse actions such as segregation, tranfer, and fabericated security designations are sufficient to deter a person of ordinary firmness.

## Retaliatory Threats And Silencing Attempt

127. On September 8, 2025, Defendant Evans warned Plaintiff that he had pissed somebody off at the top and needed to stop complaining about the water. When Plaintiff refused to stop because the water was affecting his health, Defendant Evans threatend punitive consequences, stating he would see to it Plaintiff go back in the program.

128. Threats intended to silence protected speech constitute unlaw-retaliation. Mitchell v. Horn, 318 F.3d 523 (3d cir. 2003) Allah v. Seiverling, 229 F.3d 220 (3d cir. 2000).

## Fabericated Misconduct and Punitive Sanctions

129. That same day, Defendant Evans provoked Plaintiff in order to fabericate a misconduct and issued charges including threating an employee, refusing to obey a direct order, presence in an unathorized area, and abusive language.

130. Plaintiff received forty-five (45) days of sanction based on false and pretextual charges.

131. Issuing false misconducts shortly after protected activity permits an inference of retaliation — Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002)

### Policy Violation and Malicious RRL Attempt

132. Under Doc Policy 6.5.1, Phase 1 Imu misconducts review by ROS. Contrary to Policy, instead of RDS just reviewing the misconduct, Defendant Larson, Mason, Vieney maliciously fashioned an RRL petition to lock Plaintiff back down in the Imu. Defendants also denied Plaintiff his AC Privileges as an Imu participate in retaliation for his Protected conducted.

133. Deviation from established Policy supports an inference of bad faith and retaliatory motive. Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001).

### Breach of settlement Agreement As Evidence of Malice

134. Defendants attemp to place Plaintiff back in the Imu/RRL also breached a binding settlement agreement prohibiting such placement absent a legitimate Penological interest.

135. Bad-faith breach of settlement terms supports an inference of unconstitutional motive.

## COUNT II
Denial of Access to Courts First & Fourteenth Amendments
Defendants Mason, Houser

136. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

(22 of 32)

137. Plaintiff was denied meaningful access to the courts through wrongful grievance resections, untimely responses, delayed notices, retaliatory transfers, and misuse of settlement provisions to chill litigation.

138. Defendants conduct caused actual injury by forcing plaintiff to file emergency motions, obstructing exhaustion, and attempting to moot pending litigation.

139. Prison officials may not obstruct court access through procedural manipulation or retaliation. Bound v. Smith, 430 U.S. 817, 821 (1977) (right of access) Lewis v. Casey, 518 U.S. 343, 351-53 (1996) (actual injury), Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (grievance obstruction states claim). Monroe v. Beard, 536 F.3d 198, 205

<u>COUNT III</u>
EighthAmendment: Condition of Confinement
(Contaminated Water)
Defendants Harry, Mason, Eyer, Sokaloski, Muick,

140. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

141. Defendants knowingly exposed plaintiff to contaminated drinking water thats brown, contained sediment, and caused serious physical illness including vomiting, nausea, weakness, fatigue, blood in stool and skin to break out.

142. Exposure to unsafe drinking water constitutes a deprivation of basic human needs and poses a substantial risk of serious harm.

143. Defendants were aware of the risk through grievances, inmate complaints, and identical health symptoms among inmates, yet failed to act. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (deliberate indifference standard) Helling v. McKinney, 509 U.S. 25, 335 (1993) (environmental hazards)

(23 of 32)

Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).

## Count IV
### Eighth Amendment Deliberate Indifference

144. Paragraphs 1 through 121 are incorporated here in by reference as thoughfully set forth.

145. Deliberate indifference exists when prison officials knew of and disregard a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825 (1994)

146. The Eighth Amendment Protects Prisoners from exposure to toxic environmental conditions posing future health risks. Hellins v. Mckinney, 509 U.S. 25 (1993) Knowingly exposing inmates to unsafe enviermental hazards violates the Constitution. Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003).

145. Defendants failure to remedy dangerous conditions after notice constitutes deliberate indifference. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992)

146. Defendants had actual notice of contaminated water, inmate illness, and medical risk, yet chose inaction. This satisfies both objective and subjective prongs of deliberate indifference under the Eighth Amendment.

147. Defendants response admitting water issues through memo and grievance response. This admission establishes actual knowledge of unsafe condition. Actual knowledge may be inferred from official statements and responses to inmate complaints. Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001).

148. Failure for Defendants Mason and Harry to meet Demands after admission. Bottled water was only distributed for one day.

No independent testing was disclosed. Conditions never improved.

149. Failure to act after admitting a serious risk constitutes deliberate indifference. Atkinson V. Taylor, 316 F.3d 257 (3d Cir. 2003)

150. Plaintiff continued exposure to the contaminated water made him sicker and weaker by the day.

151. The Eighth Amendment protects prisoners from exposure to enviormental hazards that pose a risk of future harm, even before permanent injury occurs. Helling V. McKinney, 509 U.S. 25 (1993).

152. Defendants had actual notice through grievances, request to staff, the legal demand letter. and their own written admission.

153. Defendants had the ability to mitigate, as shown by temporary ~~water~~ water distribution, yet intentionally stop mitigation.

154. Deliberate indifference exists when officals know of and disregard a substantial risk of serious harm. Farmer V. Brennan, 511 U.S. 825 (1994).

### Deliberate Indiffrence To Serious Medical Needs
#### Defendant Mason and Harry

155. Plaintiff suffered from serious medical needs caused by the contaminated water.

156. Medical staff denied treatment for non-medical reasons, requiring payment and signatures despite knowledge that the illness was facility-caused.

157. Mason and Harry are in violation for allowing this unlawful medical-co pay policy to give medical staff the right to refuse treatment during serious medical matters.

158. Denial of care for non-medical reasons constitutes deliberate indifference. Estelle V. Gamble, 429 U.S. 97, 104-05 (1976). Monmouth County Corr. Inst, Imates V. Lanzaro, 834 F.2d 326, 346-47 (3d cir. 1987), Natale v. Camden County Corr. Facility, 318 f.3d 575, 582-83 (3d cir. 2003).

## COUNT V

### Eighth Amendment (failure to protect)
### Defendants . Houser , mason

159. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

160. Defendants knowingly transferred plaintiff to SCI Forest, a facility where they knew Plaintiff faced a substantial risk of serious harm and retaliation from prior assaults on staff within that facility.

161. The transfer was retaliatory, punitive, and deliberately indifferent to plaintiffs safety. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

## COUNT VI

### Fourteenth Amendment (substantive Due process

162. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

163. The courts are in agreement that disciplinary charges brought in retaliation for filing grievances, making complaints, pursuing lawsuits, or engaging in other protected activities by the constitution violate the substantive constitutional right in question. Winston v. Coughlin, 789 F. supp 118, 120-21 (W. D. NY. 1992) (holding allegations that officers filed fabericated reports to conceal their Eighth Amendment violation stated a claim).

164. All Defendants indivually and collectively violated Plaintiff right under the Fourteenth Amendment Substantive Due Process right when they malicously fabericated misconducts and RRL petition in retaliation for settlements, lawsuits, grievances, Prison advocacy and protected conduct.

(26 of 32)

165. Plaintiff sat in the Ritu Pending RRL without a legitimate Penological intrest due to a fraberricated misconduct to silence Plaintiff Protest to the contaminated water conditions.

166. Defendant Evans told him "To mind his buisness about the water in the Jail, you continue down the path you headed I'll see to it you go back in the Program!"

167. Defendant Vieiny told him "You got a lot more to worry about then ROS when you threatend Mahanoy with lawsuits we lock you down, we putting your RRL Paperwork in and its going to stick this time!"

168. Defendant mason told Plaintiff "I can't have you starting a mass litigation in my Jail!"

169. Only way Plaintiff was able to stop defendants from going throush with there malicous misconduct was when he filed the motion to reinstate civil proceeding.

170. Defendants realeasing Plaintiff back to GP 10 days after the filing of the motion shows defendants had malicous intent it shows defendants didn't have a Penological intrest for keeping Plaintiff in the Ritu for as long as they did.

171. Defendants violated there own Policy when they fashioned the RRL Petition when it wasn't warrented

172. All Defendants have violated Plaintiff Hudsons rights to substantive Due Process under the fourteenth Amendment to the United States Constitution by holding him in solitary confinement under false charges in retaliation for Protected conduct without a valid Penological or other Justification. Defendants conducts shocks the conscience and does not have a rational basis.

## COUNT VII
### EXHAUSTION DEEMED SATISFIED (PLRA)

173. Paragraphs 1 through 121 are incorporated herein by reference as though fully set forth.

174. Plaintiff attempted to exhaust all remedies. Defendants rendered, remedies unavailable through wrongful resections, delays, intimadation, retaliation and transfers.

175. Under Third Circut law, exhaustion is excused where procedures operate as a dead end. Ross v. Blake, 578 U.S. 632, 64344 (2016) Small v. Camden County, 728 f.3d 265, 27172 (3d Cir. 2013) Mitchell v. Horn, 318 f.3d 523, 529 (3d cir. 2003).

### CUMULATIVE INFERENCE AND LEGAL SIGNIFICANCE

176. Taken together, the following permit adverse and retaliatory inferences:
- Notice of health hazard
- Admission of water problems
- failure to disclose testing
- Temporary mitigation then withdrawal
- Threats to silence plaintiff
- fabricated misconduct
- Policy violations
- Attempted IMU/RRL placement
- Breach of settlement agreement

These facts and inferences support:
- Eighth Amendment deliberate indifference
- First Amendment retaliation
- Eighth Amendment conditions of confinement
- Fourteenth Amendment substantive Due process

(28 of 32)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kendall Hudson, Request that the court grant the following relief:

A. Adjudge and declare that the acts and omissions of defendants as described herein are in violation of Plaintiffs rights under the Eighth, Fourteenth and First Amendments to the U.S. Constitution;

B. Enjoin Defendants and all persons acting in concert with them, or acting as their agents, from retaliating, Continuing these unlawful acts, Conditions and practices, as described in this complaint;

C. Enjoin Defendants and all persons acting in concert with them, or acting as their agents to mitigate circumstances at SCI-mahanoy by doing the following:

- Weekly distribution of bottled water to all affected inmates until water is independently confirmed safe
- Immediate authorization for inmates to purchase bottled water through Jail sales or commissary without limitation.
- Weekly independent third-party water testing until water is verified safe for human consumption.

D. Award damages in the amount of $1000 a day for each day Plaintiff sat in Solitary confinement in brutal conditions because of the retalitory actions and fabericated charges;

E. Award compensatory damages in the amount of $250,000 for each Defendant, for physical injury, pain and suffering, emotional distress, and constitutional harms

(29 of 32)

Compensatory damages are available for actual injury caused by constitutional violations. Carey v. Piphus, 435 U.S. 247, 25455 (1978). Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000).

o This amount is reasonable Physical illness, Prolonged exposure, Retaliatory conduct, Denial of medical care, Litigation obstruction.

F. Award Punitive damages in the amount of $500,000 for each defendant, to Punish and deter malicious and reckless misconduct.

o Punitive damages are appropriate where conduct is motivated by evil motive or reckless indifference. Smith v. Wade, 461 U.S. 30, 56 (1983)

o This amount is appropriate because Defendants Direct retaliatory admissions, Knowing exposure to harm, Grievance obstruction, Abuse of authority.

G. Injunctive relief Prohibiting further retaliation, including RRL placement, transfers, or grievance interference.

Courts may enjoin future retaliation to protect constitutional rights. Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

H. Enjoin Defendants and all Persons acting in concert with them, or acting as their agents, to revise the medical co-Pay Policy so there's no room for medical care to be denied for non-medical reasons;

I. Grant attorney's fees and cost;

K. Trial by Jury; and

L. Such other relief as this court deems Just and Proper.

(30 of 32)

(31 of 32)

Respectfully Submitted

Kendall Hudson   Pro se

Kendall Hudson
HZ-2808
SCI FOREST
286 Woodland Drive
Marienville, PA 16239

Dated: 1/21/26

(31 of 32)

## VERIFICATION STATEMENT

I, Kendall Hudson, hereby verify that the statements within the attached complaint are correct and true to my knowledge and personal beliefs, with the exception of those statements made upon information and belief, which I also believe them to be true.

Plaintiff is aware that any false statement herein will be subject to the penalties found at 28 U.S.C § 1746 dealing with perjury.

Executed by

Kendall Hudson H22808
SCI Mahanoy
301 Greyline Drive
Frackville PA 17931

Date: 1/21/26

(32 of 32)

EXHIBIT - A

Request to MASON
on conditions and
health issuse



| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| | INSTRUCTIONS |
| | Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1.  To: (Name and Title of Officer) | 2.  Date: 7/27/2~RECEIVED |
|---|---|
| Superintendent | |
| 3.  By: (Print Inmate Name and Number) | 4.  Counselor's Name: |
| Kendall Hudson HZ2808 | Helper    JUL 3 0 2025 |
| _Kendall Hudson_ HZ 2808 | 5.  Unit Manager's Name: |
| Inmate Signature | Larson    SCI MAHANOY SUPERINTENDENT'S OFFICE |
| 6.  Work Assignment: | 7.  Housing Assignment: |
| | B O Y |

8.  Subject: State your request completely but briefly. Give details.

I am writting in regards to the problems I been having with my health since I got here. I've been experiencing fatigue, muscle weakness and head aches. My body reacts when I consume something thats not right. I'm on a kosher diet and I take care my self health. The water fountain and hot water been having little dechree in it and since I been drinking I been experencing these problems. I take care my own health don't trest the medical department so I do everything in my power to keep my health 100%. I ask that you please mitigate these dire circumstances I'm expose too and allow me to be able too purchase water off commissary, change the filters on the water fountains, and also give out weekly water long term consumption of this water will slowly detereate any body who consume it. It best to mitigate it and give us an option to protect our health. Thats all I'm trying to do is srive in here with out relying on medical or wellpsth. Thank you so kindly in advance.

9. Response: (This Section for Staff Response Only)

Our water gets tested regularly. What commissary sells is not up to me. You can ask the RBD if you would like them

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

To sell something not offered by commissary

STAFF MEMBER NAME _____ _____ DATE 8/4/25
Print    Signature

CC: Kendall Hudson
Central office

EXHIBIT - B

Legal DEMAND Letter
for mitigation Demands
oN contaminated Water

Kendall Hudson HZ 2808

SCI Mahanoy

301 Greyline Drive

Frackville Pa 17931

Mason Bernadate Superintendent

SCI Mahanoy

301 Greyline Drive

Frackville Pa 17931

**LEGAL DEMAND LETTER & NOTICE OF POTENTIAL LITIGATION**

Exposure to Contaminated Water in Violation ot The Eighth and Fourtheenth Amendments

August 15, 2025

**INTRODUCTION**

I Kendall Hudson, an incarcerated individual at SCI Mahanoy, proceed pro se and issue this formal legal demand

regarding the unconstitutional and medically dangerous exsposure to contaminated water containing coal ash and toxic substance within SCI Mahanoy facilities. This exposure constitutes cruel and unusual punishment under the Eighth Amendment and a violation of substantive due process right under the Fourteenth Amendment of the U.S. Constitution.

Unless the following mitigating demands are met, I reserve the right to pursue individual and class action litigation on behalf of myself and similarly situated individuals under 42 U.S.C § 1983 and related statutes.

cc: Laurel Harry

Lewisburg Prison Project

Bret Grote

19

**FACTUAL ALLEGATIONS**

1. The drinking water available at SCI Mahanoy emits a strong chemical or metallic odor, and upon ingestion produces a taste consistent with ash or industrial contaminants.

2. After drinking from the facility fountain, I experienced immediate physical symptoms, including:

* A full-body tingling sensation

* Intense headache lasting several days

* Nausea and unusual discomfort

3. I am now forced to limit my water intake to water -based fruits and vegetables due to ongoing contamination of the drinking fountains, with only one cup of contaminated water consumed daily.

4. This exposure represents an ongoing health hazard, and SCI Mahanoy officials have failed to provide safe alternatives such as filtered water, bottled water, or access to purchase clean drinking water as is donr with sodas.

**LEGAL GROUNDS**

**Eighth Amendment Violation**

Under Helling v. McKlinney, 509 U.S. 25 (1993), the Supreme Court held that the goverment may not "ignore a condition of confinement that the issure or very likely to cause serious illness." The continued exposure to known toxins in coal ash without proper filtration or alternatives qualifies as deliberate indifference to serious medicl needs

**Fourteenth AmendmenťDue Process Violation**

A state cannot expose individuals to foreseeable, preventable health risks without due process. Denying access to clean water, a fundamental human necessity, meets the threshold for a constitutional violation under DeShaney v. Winnebago Cnty. Dept. of Social Services, 489 U.S. 189 (1989).

**Violation of EPA Regulations and Public Safety Standards**

According to the U.S. Environmental Protection Agency (EPA):

* Coal ash contains dangerous heavey metals, including arsenic, lead, mercury, and cadmium.

* These substances are linked to cancer, kidney failure, neurological damage, and reproductive harm (EPA CCR Rule 40 CFR Part 257).

* Water systems that fail to meet the National Primary Drinking Water Regulations (NPDWRS) may be in violation of the Safe Drinking Water Act (SDWA), 42 U.S.C § 300F et seq.

20

Agency for Toxic Substances and Disease Registry (ATSDR)

* Arsenic exposure causes skin, lung, bladder, and kidney cancers.

* Lead exposure results in permanent brain and nervous system damage.

* Cadmium damages the kidneys and bones. (ATSDR Toxicological Profiles)

National Institute of Environmental Health Sciences (NIEHS) confirms that chronic ingestion of coal ash-contaminated warter is directly linked to:

* Cardiovascular disease

* Liver toxicity

* Immune system suppression

* Hormonal Disruptions

These toxins bioaccumulate in the body, meaning repeated exposure leads to compounding and permanent damage.


## DEMAND FOR IMMEDIATE MITIGATION

In order to protec my health and the rights of all others incarcerated individuals at SCI Mahanoy, I hereby demand the following actions be implemented within 15 calender days of receipt of this letter:

1. Daily filter replacement on all water fountains used for inmate drinking water.

2. Make bottled water available for purchase through the commissary at the same availability as sodas.

3. Weekly provision of sealead water bottles to inmates at no cost until the water is confirmed safe by independent third-party testing.

4. Immediate public disclosure of water testing reports by the PA DOC and Mahanoy, consistent with EPA transparency standards.


## NOTICE OF FUTURE LITIGATION

Failure to meet these demands will result in the filing of:

* A civil rights lawsuit under 42 U.S.C. § 1983

* A class action complaint representing all similarly exposed inmates

* Requesting for injuncive relief and compensatory/punitive damages

21

I reserve the right to escalate this issue to fedeal he:   nd environmental agencies, civil rights

Case 3.26-cv-00239-RDM-CA    Document 1    Filed 01/28/26    Page 40 of 104

organizations, the media, and legal clinics if these constitutional violations are not remedied.

## CLOSING DECLARATION

Water is a human right. It is the duty of prison officals to ensure incarcerated individuals are not subjected to life-threatening environmental conditions. As such, I, Kendall Hudson Hz 2808, respectfully but firmly demand that immediate corrective action be taken to prevent further constitutional and biological harm.

Respectfullysubmitted,

/s/ Kendall Hudson

HZ 2808

SCI MAHANOY - Pro Se Litigant

Date: _____

EX HIBIT - C

Respone to legal
Demand letter
Memo Stating that
they was aware



**Pennsylvania**
**Department of Corrections**

TO:           All Concerned

FROM:         Ms. Kanjorski
              Major of Unit Management

DATE:         August 19, 2025

RE:           Discolored Water

We are aware that there is some discoloration in the water due to the switch from municpal water to our water tank. The water has been tested and is safe to drink. However, since many of you have asked questioned the water quality we will be providing bottled water during this transition. You will receive one bottle of water with breakfast and two bottles of water with lunch and dinner starting with the evening meal tonight.

EXHIBIT-D

Settlement Agreement for

2:24-CV-01168-CBB



PENNSYLVANIA DEPARTMENT OF CORRECTIONS
GOVERNOR'S OFFICE OF GENERAL COUNSEL
1920 TECHNOLOGY PARKWAY
MECHANICSBURG, PENNSYLVANIA 17050
(717)728-7763

July 23, 2025

Kendall Hudson, HZ2808
Smart Communications/PA DOC
SCI-Mahanoy
PO Box 33028
St. Petersburg, FL 33733

RE: *Hudson v. Pennsylvania Department of Corrections, et. al.*, 2:24-cv-01168-CBB

Dear Mr. Hudson:

This is in response to our recent telephone call regarding potentially settling this case. I discussed your case with the relevant decision-makers, and we are willing to offer you $400 and include language in the settlement agreement that you will not be returned to the IMU or to a the MCU without legitimate penological reasons.

The basis for this offer was that after reviewing your case, they felt that the fact that you possessed an escape map justified your initial placement on the RRL and they you progressed successful through the IMU program. The $400 will cover your filing for of $350 and will give you an extra $50 to cover any remaining costs.

I have included with this letter a proposed settlement agreement and a joint stipulation for dismissal. If you agree with these settlement terms, please review the enclosed documents carefully, and sign both documents and return them to me. I will then file the stipulation with the court and process the necessary paperwork to get your check issued.

2

If you have any questions or concerns, please contact me.

Sincerely,

Jeffrey M. Paladina, Esq.
Counsel for the Defendants

3

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Kendall Hudson, Inmate No. HZ2808 ("HUDSON") and the Commonwealth of Pennsylvania, Department of Corrections ("DEPARTMENT").

WHEREAS, HUDSON has filed a complaint in the United States District Court for the Western District of Pennsylvania at *Hudson v. Pennsylvania Department of Corrections, et. al.,* 2:24-cv-01168-CBB alleging that the Department's employees violated his constitutional rights through the conditions of confinement and the process associated with his housing in the RHU, in the Intensive Management Unit on the Department's Restricted Release List.

WHEREAS, the DEPARTMENT and its employees maintain they have various valid defenses to HUDSON's claims;

WHEREAS, HUDSON and the DEPARTMENT desire to settle all of HUDSON'S claims pending against it and its employees before the United States District Court for the Western District of Pennsylvania at *Hudson v. Pennsylvania Department of Corrections, et. al.,* 2:24-cv-01168-CBB.   NOW THEREFORE, HUDSON, and the DEPARTMENT, intending to be legally bound, and in consideration of the mutual obligations set forth herein, hereby agree to the following:

1.    In consideration of the parties' agreement and obligation contained in this Agreement, the DEPARTMENT agrees to pay to HUDSON the sum of **four hundred dollars ($400.00).** Said monies are in full settlement of the HUDSON'S claims in the action pending in the United States District Court for the Western District of Pennsylvania at *Hudson v. Pennsylvania Department of Corrections, et. al.,* 2:24-cv-01168-CBB filed by HUDSON, including but not limited to any claim for attorney fees and costs resulting from that action.   In addition, the Department agrees not to return HUDSON to either the IMU (Intensive Management Unit) or the MCU (Management Control Unit) unless such action is warranted by legitimate penological interests.

HUDSON shall receive no consideration other than that which the DEPARTMENT has agreed to provide herein.

2.    HUDSON hereby agrees to fully, forever, irrevocably, and unconditionally remise, release, settle, and completely and forever discharge the COMMONWEALTH OF PENNSYLVANIA, the DEPARTMENT, Laurel Harry, George M. Little, Michael Wenerowicz, Randy Evans, Stephen Buzas, and Daniel Coulehan, along with each of the DEPARTMENT's past, present and future officers, employees, attorneys, agents and representatives of and from any and all claims, actions, suits, causes of action, or demands for damages of whatever nature or kind which arise out of or relate to the events described in the complaint including, but not limited to, the conditions of confinement and due process related to HUDSON's housing in the RHU,

4

IMU, and on the RRL. This includes but is not limited to any claim asserted or which could have been asserted against the COMMONWEALTH OF PENNSYLVANIA or the DEPARTMENT.

3. HUDSON, along with his officers, employees, attorneys, agents and representatives, further agrees and covenants that neither he nor any person, organization, or entity on his behalf will file, charge, sue, claim, or cause or permit to be filed, claimed or charged against the COMMONWEALTH OF PENNSYLVANIA or the DEPARTMENT, along with each of its past, present and future officers, employees, attorneys, agents and representatives, any claim, action, suit, cause of action, or demand for damages of whatever nature or kind which arises out of or relates, in any way, to the events outlined in his complaint in *Hudson v. Pennsylvania Department of Corrections, et. al.*, 2:24-cv-01168-CBB.

4. Nothing contained in this Agreement shall constitute an admission of wrongdoing of any kind by either party.

5. This Agreement shall inure to the benefit of, and shall be binding upon, the parties, their respective shareholders, directors, officers, employees, assigns, successors-in-interest, subsidiaries, agents, attorneys, and representatives.

6. This Agreement shall be governed and interpreted according to the laws of the Commonwealth of Pennsylvania.

7. This Agreement is a complete and integrated understanding of all matters addressed between the parties. All provisions of this Agreement are contractual and not merely recitals.

8. The individuals signing this Agreement represent and warrant that they possess the full and requisite authority to bind the entities on whose behalf they are signing.

9. HUDSON and the DEPARTMENT hereby warrant and agree that in executing this Agreement, the Agreement was negotiated and bargained in good faith, and that the parties to this Agreement have conducted themselves in good faith at all times.

10. The Settlement Amount will be paid as expeditiously as possible after full execution of this Agreement. **Payment by any date certain, however, shall not be a condition or requirement of this Agreement.** Plaintiff hereby waives the requirements and remedies of Pennsylvania Rule of Civil Procedure 229.1 to the extent it is applicable to this Agreement.

11. Should any provision of this Agreement be declared, deemed, or held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be part of this Agreement.

- 2 -

12.    HUDSON acknowledges that the only consideration for signing this Agreement are the terms stated therein, that no other promises, inducements or agreements of any kind have been made to or with him by any person or entity whatsoever to cause him to sign this Agreement, and that he fully understands the meaning and intent of this document.  HUDSON further states and represents that he has carefully read and reviewed this Agreement, understand the conditions set forth, freely and voluntarily assent to all its terms and conditions set forth, and sign this Agreement and Release as his own free act.

IN WITNESS THEREOF, the parties have caused this Agreement to be executed on the dates hereinafter indicated.

COMMONWEALTH OF
PENNSYLVANIA, DEPARTMENT
OF CORRECTIONS

By _____

Jeffrey M. Paladina, Esq.
Assistant Counsel

Date:_____5-6-25_____

X _____

Kendall Hudson, HZ2808

Date:___7/24/25_____

- 3 -

Ͼρ

Ref: 6083734 pg 7 of 7 for KENDALL HUDSON

## IN THE UNTITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

Kendall Hudson,                         :

        Plaintiff,                         :

    v.                                  :    No. 2:24-cv-01168-CBB

                            :

PA DOC, *et. al.*                        :

        Defendants                        :

## JOINT STIPULATION OF DISMISSAL

Now comes Plaintiff Kendall Hudson ("Hudson") and the Defendants, by and through their undersigned counsel pursuant to Fed. R. Civ. P. 41(a)(1)(2) and jointly stipulate to the dismissal of all of Hudson's claims in this matter with prejudice.

Jointly stipulated to this ___6th___ day of ___August___, 2025.

Plaintiff:                              Defendants:

*Kendall Hudson*                         */s/ Jeffrey M. Paladina*
Kendall Hudson, HZ-2808                  Jeffrey M. Paladina
                                         Attorney I.D. No. 81542
                                         PA Department of Corrections
                                         Office of Chief Counsel
                                         1920 Technology Pkwy.
                                         Mechanicsburg, PA 17050
                                         717-728-7763
                                         jpaladina@pa.gov
                                         Attorney for the Defendants

7

Ref: 6083734 pg 3 of 7 for KENDALL HUDSON

## WESTERN DISTRICT OF PENNSYLVANIA

Kendall Hudson.                                            :
                                                          :
                    Plaintiff,                            :
            v.                                            :    No. 2:24-cv-01168-CBB
                                                          :
PA DOC. *et. al.*                                         :
                                                          :
                    Defendants                            :

### CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I caused to be served a true and correct copy of the foregoing document titled  Joint Stipulation of Dismissal by First Class mail on:

Kendall Hudson, HZ-2808
Smart Communications/PA DOC
SCI-Mahanoy
PO Box 33028
St. Petersburg, FL 33733


By:                                        /s/ Jeffrey M. Paladina
                                           Jeffrey M. Paladina
                                           Assistant Counsel
                                           Attorney I.D. No. PA81542
                                           PA Department of Corrections
                                           1920 Technology Parkway
                                           Mechanicsburg, PA 17050
                                           (717) 728-7763
August 6, 20205                            jpaladina@pa.gov

EXHIBIT - E

Wrongfully Rejected Grievance
#1171763 for retaliation for
malicous RRL Petition



# Rejection Form

SCI Mahanoy
301 Grey Line Drive
Frackville, PA, 17931

10/14/2025 03:20

| | | | |
|---|---|---|---|
| **Inmate Name:** | HUDSON, KENDALL | **DOC #:** | HZ2808 |
| **Facility:** | Mahanoy | **Unit Location:** | H / C |
| **Grievance #:** | 1171763 | | |

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below:

**Rationale:**

- Grievance does not indicate that you were personally affected by a Department or facility action or policy.

**Response:**

You cannot grieve something that has not happened, in this case placement on the RRL.

**Signature:**

**Name:** K. Derr

**Title:** Facility Grievance Coordinator

**Date:** 10/14/25

cc: Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-C**          Issued: 1/26/2016  Effective: 2/16/2016

HZ2808     Grievance #:          1171763

HUDSON, KENDALL                                                              Page 1 of 1

16

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
1171703
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: MAH | DATE: 10/9/25 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Kendall Hudson HZ-2808 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: (TBD) | HOUSING ASSIGNMENT: HE-24 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

THIS TIMELY FILED APPEAL IS IN ACCORDANCE §1983 RULES OF CIVIL PROCEEDURES. ON 10/9/25 I TALK TO TWO MEMBERS OF PRC WHILE THEY WAS DOING ROUNDS I TALK TO THE UNIT MANAGER ASKING HIM "DID THEY HERE ANYTHING BACK FROM RDS YET?" HE STATED "YOU GOT A LOT MORE TO WORRY ABOUT THEN RDS WHEN YOU THREATEND MAHANOY WITH LAW SUITS WE LOCK YOU DOWN AND PUTTING YOUR RRL PAPERWORK IN AND ITS GOING TO STICK THIS TIME." HE THEN STATED "YOU HAVE NOTHING PROTECTING YOU THIS TIME YOU SETTLED OUT YOUR RRL LAWSUIT IT OVER NOW." THIS IS A STRONG VIOLATIONS OF MY FIRST AMENDMENT RIGHT. Im BEING RETAILIATED AGAINST FOR EXERCISING MY RIGHTS TO LITIGATE, THIS IS RETAILIATION BECAUSE THERE'S NO LEGITIMATE PENOLIGICAL INTREST TO EVEN PURSUE RRL OR ANY PROGRAM/PLACEMENT. THIS RETAILATION CAMEFROM THE DEMAND LETTER ABOUT THE WATER ISSUES I SENT TOO ADMINISTRATION, CENTRAL OFFICE AND ORGANIZATIONS SEE ATTACHED NOW Im BEING RETAILATED AGAINST

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____ 10/14/25
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

RECEIVED

OCT 14 2025

SCI MAHANOY
SUPERINTENDENT'S OFFICE

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*

17

BECAUSE OF IT. ~~CONFISO SIGNS~~ FOR RELIEF I SEEK TO NOT BE RETAILEATED AGAINST AND PLACED ~~ON~~ ON RRL, TRANSFRED, OR ANY PLACEMENT. I WOULD LIKE TO BE ABLE TO GO TO POPULATION LIKE ANY AN EVERYBODY EISE. I SEEK PUNITIVE AND COMPENSATORY DAMAGES IF THES RETALITORY MISCONDUCT SCI MAHANOY ADMIN-ISTRATION ~~SUBJECTING~~ SUBJECTING ME TOO DOESNT CEASE. I ALSO ASK THAT CAMERA FOOTAGE BE SAVED OF DATE 10/9/25 AROUND TIME PRC MADE ROUNDS 9-11 AM. ALL ADMINISTRATION AT SCI MAHA-NOY ARE HELD LIABLE FOR THE VOLICATIONS OF MY RIGHTS IF THES ISSUE GO FORTH.

13

EXHIBIT - F

- RRL Consideration and Rational

- Plaintiff Response to Rational





Pennsylvania
# Department of Corrections

**SUBJECT:**   Restricted Release Review

**TO:**   Kendall Hudson, HZ2808

**FROM:**   Morris Houser
Regional Deputy Secretary
Eastern Region

**Date:**   October 30, 2025

You are hereby informed that your placement on the Restricted Release
List (RRL) is under consideration, contingent upon an interview with the Regional
Deputy Secretary (RDS). DC-ADM 802, Attachment 1-B outlines the reason for
consideration.

Per policy, you may provide a written response to the Notice of Consideration
form for RRL placement within seven (7) calendar days of receiving the notice.
Responses will be reviewed as part of the hearing process, and added to the RRL
record.

Responses may be sent directly to the RDS at 1920 Technology Parkway,
Mechanicsburg, PA 17050, or submitted through the facility's PRC.

**CC:**   Superintendent Mason
File

10

## Notice of Consideration for Restricted Release List (RRL) Placement/Continuation/Removal

| Inmate Name: | Hudson, Kendall | | DOC #: | HZ2808 |
|---|---|---|---|---|
| SCI: | MAHANOY | | Date: | 10/02/2025 |

| ☒ Placement | ☐ Continuation | ☐ Removal |
|---|---|---|

*NOTICE: YOU ARE AFFORDED A HEARING WITH THE REGIONAL DEPUTY SECRETARY TO RESPOND TO ALL PLACEMENT AND REMOVAL DECISIONS AND APPLICABLE CONTINUATION DECISIONS. BE ADVISDED THAT ALL RRL INTERVIEWS SHALL BE AUDIO AND VIDEO RECORDED.*

**Rationale for Placement on RRL:** (Include a description of the specific event(s) prompting request for placement on RRL)

Inmate Hudson was transferred to SCI Mahanoy on 6/25/25 to begin his Phase 1 IMU. He received the class 1 misconduct on 9/8/25. Based on his history of aggressive behavior and attempted violence towards staff, SCI Mahanoy is reviewing him for placement back on the RRL list and to be removed from Phase 1 back to the IMU. His violent behaviors in an institutional setting make him a danger to both staff and other inmates.

**Rationale for Continuation:** (include specific information regarding progress since the last review, [e.g. misconducts, special program phase, achieved expectations, outstanding expectations, compliance with Behavior Improvement Plan])

### Misconduct/Behavioral History:

**Violent Misconducts:** (provide the aggregate total for each type of misconduct indicative of the inmate engaging in acts of violent behavior and time period when the behavior was exhibited – do not include threatening behaviors) [i.e., Assault Misconducts (x2): 10/30/2017, 05/30/2007, Fighting Misconducts (x2): 04/15/2006, 08/01/2003]

Assault Misconducts (x2) 05/30/2016, 04/22/2016, Fighting misconduct 10/29/2021

**Sexual Misconducts:** (provide the aggregate total for each type of misconduct indicative of the inmate's demonstration of sexually inappropriate behavior and time period when the behavior was exhibited)

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 1 – Placement in Administrative Custody Status*
Issued: 11/4/2024
Effective: 12/2/2024

*Attachment 1-B*

**Escape Behaviors: (provide a synopsis of known escapes or attempted escape behaviors and the time period when the behavior was exhibited)**

Inmate Hudson was on the ERL list from 7/31/2009 until 4/27/2019. He was on the list due to a Philadelphia county misconduct for Escaping or Attempting/Planning. He then recieved a misconduct dated 10/30/2021 for Possession of Contraband. He possessed a map of the institution/surrounding area and an 8inch piece of metal with a sharpened point. He also possessed radical material mentioning a truck bomb and revolutionary movement to take place within SCI Frackville. As a result, inmate was approved again for ERL placement on 12/20/21.

**Threat to Orderly Operations: (provide a synopsis of applicable security threat(s) the inmate poses to the orderly operation of the facility [i.e. leader of a disturbance, STG behaviors, etc.])**

**Synopsis of Remaining Misconducts: (provide a summary of all other misconducts [i.e. number and frequency of charges])**

Threaten an Employee (x3), Threatening Another Person (x2), Possession or Use of Dangerous/Controlled Substance (x2), Possess Contraband (x9), Refusing to Obey an Order (x20), Destroying, Altering, Tampering with (x3), Using Abusive, Obscene or Inappropriate language (x3), Extortion or Blackmail (x1), Failure to Report the Presence of Contraband (x1), Presence in Unauthorized Area (x1), Unauthorized use of Mail or telephone (x2), Breaking Restriction (x1), Lying to an Employee (x2), Refuse to Work, Attend School (x1).

**Misconducts Since Last Review:**

Inmate Hudson's most recent misconduct came on 09/08/2025 for Threatening an employee or their family, using abusive, obscene, or inappropriate language, and Presence in an unauthorized Area. Inmate Hudson was angry at an officer and attempted to climb the stairs to the officer's desk to assault him but was stopped by other officers. He continued to threaten him verbally from the bottom of the stairs. He received 45 days DC time and loss of job

| **Regional Deputy Secretary /designee:** | **Signature:** (Title for Designee) | ~Monir Hower~ | Date: 10/30/25 |
|---|---|---|---|

*DC-ADM 802, Administrative Custody Procedures Manual*
*Section 1 – Placement in Administrative Custody Status*
Issued: 11/4/2024
Effective: 12/2/2024

**Attachment 1-B**

12

| Inmate Response: | | | |
|---|---|---|---|
| Inmate Version: (optional) – attach up to two additional pages | | | |

note: I recived this 11/20/25. The DSCS signed it to verify. See additional attachments for my response. Please accept in good faith due to the untimley Manner I recived it. Thank you so kindly in advance

| Inmate Name and Number: Hudson, Kendall HZ2808 | Inmate Signature: | *Kendall Hudson* | Date: 11/20/25 |
|---|---|---|---|

cc:     Facility Manager for requesting facility
        Bureau of Population Management

**DC-ADM 802, Administrative Custody Procedures Manual**
**Section 1 – Placement in Administrative Custody Status**
Issued: 11/4/2024
Effective: 12/2/2024

**Attachment 1-B**

Kendall Hudson
HZ-2808
SCI mahanHoy
301 Greyline Drive
Frackville PA 17931

Morris Houser
Regional Deputy Secretary
1920 Technology PARKWAY
Mechanicsburg PA 17050

November 20, 2025

RE: Written response to notice of consideration for RRL Placement

    I'm writing in response to your consideration for my RRL Placement. As of now I've only recieved 1 misconduct class 1 since I been in the Program. I progress through the Program with no Problems I do not meet critera to be Placed back on RRL. 6.5.1 Section 3 Imu, N. Imu Failures 1. An inmate who makes no Progress in any Phase should be considered for continuation or Placement on RRL if he/she is not already on this list. An RRL Review Consistent with Department Policy DC-ADM 802 should take Place. Contrary to Policy 6.5.1 Section 3 f. Phase 1 (7), SCI mahanhoy sent you an RRL Petition when in actuality they was suspose to send my misconduct Policy states If a Phase 1 inmate engages in behavior that results in the issuance of a DC-141-Part 1 (for AC or DC) or a DC-141; Part1. other report. the receiving facility shall forward a copy of the report to the respective RDS and staff assistants for review and determination of inmate status. This did not happen. I recently settled out a law suit to Prevent this situation from happening see attached. If you go forward with this it will be considered a breach of settlement agreement and a violation of Policy. I havn't assualted no one or made escape attemp. I take responsibity for my actions I was wrong the way I went about handling the situation with evans We are all humans People make mistakes I only made one since I been in the Program. I ask to reconsider and give me another chance.

14

Kendall Hudson
11/20/25

EXHIBIT - G

GRIEVANCE# 1174273
Condition of confinement
contaminated water and health
problems



21

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
1174973
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: MAH | DATE: 10/21/25 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Kendall Hudson HZ-2905 | SIGNATURE OF INMATE: Kendall Hudson | |
| WORK ASSIGNMENT: (TBD) | HOUSING ASSIGNMENT: AC-21 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

This grievance is only being filed to exhaust available grievance remedies required by the (PLRA) 1997 e(a). As of October 21 2025 this grievance is in regards to my conditions of confinement while housed in the RHU at SCI Mahanoy. My Constitutional rights under the (Eighth amendment) Cruel and unusual punishment [illegible] conditions of confinement is being violated. I've been housed in this unit for 43 days and counting and since I was fore to consume brown dark[illegible] water. I made several attempts to notify staff such as Lt. [illegible] PRC [illegible] and Superintendent [illegible]. Water is a [illegible] necessity I had no other option but to drink it. I wasn't offered [illegible] water. After drinking [illegible] I [illegible] up my [illegible] [illegible] [illegible]. [illegible] when [illegible] I [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] I [illegible] [illegible] [illegible] [illegible] [illegible] I continue to be exposed to [illegible] water [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] the water issue [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance.

[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K Dmr
Signature of Facility Grievance Coordinator

10/27/25
Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

_Facility manager_

## INMATE APPEAL TO ~~FINAL REVIEW~~
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| Hz2809 | Kendall Hudson | MgH | 11/15 25 | 1174273 |

I received my appeal from the ~~Superintendent~~ on ___11/14/25___ and have the following appeal issues.   _IRR_

Hz-2808  Kendall Hudson HC-2)     11/15/25   1174273

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions. Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

This timely filed appeal is in accordance with §1983 Civil Rules of federal procedures. Inital review response by G. Fabrizio was late. the inital response was back dated 11-4-2025 I recived it 10 days later. I State the same claims and seek the same relief stated in inital grievance

INMATE SIGNATURE: _Kendall Hudson_

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 2-E**




# Initial Review Response

SCI Mahanoy
301 Grey Line Drive
Frackville, PA, 17931

11/04/2025 07:29

| Inmate Name: | HUDSON, KENDALL | DOC #: | HZ2808 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | H / C |
| Grievance #: | 1174273 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

I have been assigned to respond to your grievance #1174273 where you allege the institution not having an adequate water system.

In response to your allegations, I have reviewed our maintenance department work order system and there has not been any work orders submitted in relation to water issues since July of 2025. However, our maintenance department did work on the water system in September that would have produced sediment in the system. That discoloration would have run through the system in a matter of hours. The water in the RHU is the same water system for the entire facility, so it would be impossible for your cell to be the only one with brown colored water. When the water system was repaired the RHU Lt. gave direction to all inmates to run their water until it ran clear. If your water is discolored, please inform an officer so they can enter a work order. If your medical issues persist, please utilize our sick call procedures. Due to the above reasons, I am denying your grievance and any relief sought.

| Signature: | *G. A. F. R* | | |
|---|---|---|---|
| Name: | | G. Fabrizio | |
| Title: | FSM | | |
| Approver: | | N. Fall | |

Date: *11-4-2025*

CC:  Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**         Issued: 1/26/2016  Effective: 2/16/2016

HZ2808    Grievance #:         1174273

HUDSON, KENDALL                                                                 Page1 of 1

EXHIBIT - H

Andre Collier grievance
Conditions of confinement
Contaminate water and health
problems

*C*



# Initial Review Response

SCI Mahanoy
301 Grey Line Drive
Frackville, PA, 17931

10/14/2025 02:05

| Inmate Name: | COLLIER, ANDRE | DOC #: | LP8567 |
|---|---|---|---|
| **Facility:** | Mahanoy | **Unit Location:** | H / C |
| Grievance #: | 1170887 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

I have been assigned to respond to your grievance #1170887 filed on 10-3-25 where you allege the water in the RHU is Black Oily with a floating brown color.

In response to your allegations, I have reviewed our maintenance department work order system and there has not been any work orders submitted in relation to water issues since July of 2025.   However, our maintenance department did work on the water system in September that would have produced sediment in the system. That discoloration would have run through the system in a matter of hours. The water in the RHU is the same water system for the entire facility, so it would be impossible for your cell to be the only one with black water.  When the water system was repaired the RHU Lt. gave direction to all inmates to run their water until it ran clear.  If your water is discolored, please inform an officer so they can enter a work order. If your medical issues persist, please utilize our sick call procedures. Due to the above reasons, I am denying your grievance and any relief sought.

**Signature:** *GyA FR*

| **Name:** | | G. Fabrizio |
|---|---|---|

**Title:** *FSM*

| **Approver:** | | N. Fall |
|---|---|---|

**Date:** *10-14-25*

CC:  Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

Section 1 - Grievances & Initial Review, Attachment 1-D                Issued: 1/26/2016  Effective: 2/16/2016

LP8567     Grievance #:          1170887

EXHIBIT - I

Grievance # 1177979

Retaliation and denial of

Imu privelases





DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: 11/6/25 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) _Hudson_ | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: (TBD) | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

This timely filed grievance is in accordance with §1983 Rules of Civil Procedures as of November 6, 2025 I have been retaliated against and threatend about filing lawsuits and grievances. Unit teams Larson, Kieney, PRC, and [illegible] Mason maliciously put in an RRL Petition with no legitimate Penological intrest and further retaliated by denying me my [illegible] privledges as an Imu Particiapate. I've been AC status for two weeks and was denied my 4 Phone calls Per week, [illegible] visits a month, [illegible] OOC, [illegible], T.V., Tablet, and LTAC-Long as [illegible] privileges I would at any [illegible] My DC-ADM 804 [illegible] States An inmate [illegible] [illegible] [illegible] 6.5.1 section 5 [illegible] States [illegible] [illegible] accordance with the Imu privileges and services [illegible] see I, J, K and [illegible] My [illegible] situation I fall under section 5-7 Phase [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance.

[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

11/12/25

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

b. Phase freeze (a hold in one Phase for various reasons. where ecivileges may be modified); and modified Phase.

No where in the Imu Policy does it state I have to ~~do~~ earn all my AC Privileges again. I ask for this retailiation to stop and PRC and Unit team allow me all my Privileges as an Imu Participate or release me back out to GP so I can continue my Phase 1. I seek punitive and compensatory damages on Larson, Bieney, PRC and mason for the retalitory filing of the RRL ~~petition~~ Petition and denying me my Privileges as an Imu Participate.

Kimbul Hust

Facility manger

## INMATE APPEAL TO ~~FINAL REVIEW~~
## GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| HC 2808 | Kendall Hudson | MAH | 12/5/25 | 1177974 |

I received my appeal from the ~~Superintendent~~ on ___12/3/25___ and have the following appeal issues.    Init Review

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.

Please provide a BRIEF (no longer than two pages) appeal statement.

This timely filed appeal is in accordance with §1983 Rule of civil procedures. This response is predicated upon the ~~response~~ response proffered by J. Kansorski whom is major of unit management acting in bad faith by giving a staff protecting response, with no true desire to solve the issue at hand. In his response he states "You are not in the Imu program as your RRL packet is still under consideration, so you are not entitled to Imu privileges." Im a Imu Phase 1 I was sent here to complete my phase 1 Imu, while in the RHu on AC status In still Imu, meaning I retain my privileges I work 4 and a half years to earn. I stated more then enough policy in my initial ~~response~~ grievance you and administration failing to provide me my privileges now would be simply retaliation. As of now I fall under 6.5.1. Imu section 3, 7 phase modification b. Phase freeze (a hold in one phase for various reasons, where privileges may be modified) and modified phase. My misconduct didnt warrent "Imu failure" thats the only way I lose all Imu privileges. Right now Im just in the RHu on AC status because of retaliatory tactics to silence my protected conduct The policys 802, and 6.5.1. do not state Im suspose to recive or earn all my privileges over again. Im not a regular Ac status Inmate I have multiple years in the RHu I understand I cant get all privileges but at least they can be modifide where I can recive my basics like phone calls, visits, tablet, T.V. I state the same claim and seek the same relief stated in initial grievance.

CC: Mason
     PGLP
     Hudson
     Central Office

**INMATE SIGNATURE:** Kendall Hudson

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 2-E**




# Initial Review Response

SCI Mahanoy
301 Grey Line Drive
Frackville, PA, 17931

12/02/2025 03:27

| Inmate Name: | HUDSON, KENDALL | DOC #: | HZ2808 |
|---|---|---|---|
| Facility: | Mahanoy | Unit Location: | H / C |
| Grievance #: | 1177974 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

In your grievance you state that facility staff are retaliating against you due to a RRL referral. You also state that you are being denied IMU privileges consistent with those that were approved prior to your transfer to Mahanoy. An RRI referral packet was submitted due to your September 2025 misconduct for Threatening an Employee or their Family with Bodily Harm, Using Abusive, Obscene, or Inappropriate Language to or About an Employee and Presence in an Unauthorized Area. This referral is based on your conduct. You are not in the IMU program as your RRL packet is still under consideration, so you are not entitled to IMU privileges. Neither of the issues you raise in this grievance are malicious or retaliatory in nature. Given this review the grievance is denied as is any relief you seek.

| Signature: | |
|---|---|
| Name: | J. Kanjorski |
| Title: | Maxllon |
| Approver: | N. Fall |
| Date: | 12/2/25 |

CC:  Facility Grievance Coordinator
DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

Section 1 - Grievances & Initial Review, Attachment 1-D

Issued: 1/26/2016  Effective: 2/16/2016

HZ2808    Grievance #:        1177974

HUDSON, KENDALL                                                                    Page1 of 1

EXHIBIT - 5

Grievance # 1175555
access to courts obstructing
grievance process

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
_1175555_
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: MAH | DATE: 11/3/2025 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) KENDALL HUDSON HZ-2808 | SIGNATURE OF INMATE: _Kendall Hudson_ | |
| WORK ASSIGNMENT: TBD | HOUSING ASSIGNMENT: HC-21 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

This grievance is in accordance with §1983 Rules of civil procedures as of November 3, 2025 my attempt to grive issues is being obstructed by Mahanoy staff failing to response. This is a ~~deliberat~~ balant attempt to obstruct and stop my access to courts in violation of my first amendment right under retaliation. This retaliation stem from a series of litigation I currently now lititgating and one I perviously settled. Mahanoy failed to respond to the following grievance in a timely manner 1171052, 1171763, 1172079, 1172451 and they also failed to respond to the confiscated correspondence appeal. I ask that my rights not be violated and I recive the timely responses so that I can exhaust my remidies. I also seek punitive and compensatory damages for violations of my constitutional rights

B. List actions taken and staff you have contacted, before submitting this grievance.

Grievance Coordinator

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          11/3/25
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

## SCI
## APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| 42-7803 | Kendall Hudson | HC-71 | 11/15/25 | 1175555 |

received my initial response from the Grievance Office/Coordinator on 11/14/25
and have the following appeal issues.

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

This timely filed appeal is in accordance with §1983 and other of federal procedures. I state the same claims and seek the same relief stated in the related grievance.

INMATE SIGNATURE: _____

EXHIBIT - K

EXHIBIT - K

SOIGA Letter in
regards to SCI mahanoy
obstructing grievance process

## PROOF OF SERVICE

I, KENDALL HUDSON, Hereby attest that a correct and true copy of the attached civil complaint, summons, and waivers is being served via first class mail on:

UNITED STATES DISTRICT COURTS
EASTREN DISTRICT OF PENNSYLVANA
U.S. COURT HOUSE
INDEPENDENTE MALL WEST
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

Dated 1/21/26

Kendall Hudson
#C-7503
SCI MAHANOY
301 Grey Line Drive
Frackville PA

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Kendull Hudson  _Plaintiff_ | ) ) ) |
| v.  Laurel Harry  _Defendant_ | ) Civil Action No. ) ) ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
_Signature of the attorney or unrepresented party_

_____
_Printed name of party waiving service of summons_

_____
_Printed name_

_____
_Address_

_____
_E-mail address_

_____
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Kendall Hudson )
_____ )
Plaintiff )
v. )    Civil Action No.
Laurel Harry )
_____ )
Defendant )

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____        _____
*Printed name of party waiving service of summons*                    *Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Kendall Hudson
_____
Plaintiff

v.

Laurel Harry
_____
Defendant

)
)
)
)
)
)

Civil Action No. _____

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
        *(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

Kendul Hudson
_____
*Plaintiff*

v.

Laurel Harry
_____
*Defendant*

)
)
)
)
)
)

Civil Action No. _____

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Kendall Hudson _____ <br> *Plaintiff* <br> v. <br> Laurel Harry _____ <br> *Defendant* | ) <br> ) <br> )    Civil Action No. <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
                         *Signature of the attorney or unrepresented party*

_____        _____
*Printed name of party waiving service of summons*                         *Printed name*

_____
                               *Address*

_____
                          *E-mail address*

_____
                         *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Kendall Hudson _____ )
_____ )
            *Plaintiff*                          )
                                                     )    Civil Action No. _____
            v.                                    )
Laurel Harry _____ )
_____ )
            *Defendant*                        )

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

        I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

        I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

        I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

        I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____        _____
                                                                     *Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*        _____
                                                                                    *Printed name*

                                                                     _____
                                                                                    *Address*

                                                                     _____
                                                                                    *E-mail address*

                                                                     _____
                                                                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

        Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

        "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

        If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

        If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Kendall Hudson | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| Laurel Harry | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

Kendall ⬛⬛⬛ Hudson )
*Plaintiff*                      )
                                )    Civil Action No.
v.                              )
Laurel Harry                    )
*Defendant*                     )

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
   *Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Kendall Hudson
_____
Plaintiff

v.

Laurel Harry
_____
Defendant

)
)
)
)
)
)

Civil Action No. _____

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastren District

)
.)
)
Kendall Hudson )
_____ )
Plaintiff(s) )
)   Civil Action No.
v. )
)
)
)
Laurel Harry )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Laurel Harry
Department of corrections
1920 Technology Parkway
Mechanicsburg PA 17050

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastven District

)
)
)
)
Kendall Hudson )
_____ )
*Plaintiff(s)* )
v. ) Civil Action No.
)
)
)
Laurel Harry )
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Bernadate Mason
SCI mahaney
301 greyline Drive
frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastren District

| | |
|---|---|
| Kendall Hudson | ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff(s)* | |
| v. | Civil Action No. |
| Laurel Harry | |
| *Defendant(s)* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Eyer
SCI Mahanoy
301 greyline Drive
frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District

|  |  |
|---|---|
| Kendull Hudson<br>*Plaintiff(s)*<br><br>v.<br><br>Laurel Hurry<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Sokaloski
SCI mahanoy
301 grey line drive
frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastren District

|  |  |  |
|---|---|---|
| Kendall Hudson | ) ) ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) ) ) ) | Civil Action No. |
| Laurel Harry | ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> murek
> SCF mchanoy
> 301 greyline drive
> frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Eastren District

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Kendall Hudson</td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Laurel Harry</td><td>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Larson
SC FMahanoy
301 grey line drive
Frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____   .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____  ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____  ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastren District

|  |  |  |
|---|---|---|
| Kendall Hudson _____ *Plaintiff(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| v. | | Civil Action No. |
| Laurel Harry _____ *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Vieney
SCI mahanoy
301 grey line drive
frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                          *Server's signature*


                                  _____
                                          *Printed name and title*


                                  _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastren District

)
)
)
)
)
Kendull Hudson )
_____ )
Plaintiff(s) )
v. )                    Civil Action No. _____
)
)
)
)
Laurel Harry )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Evans
SCI mahanoy
301 grey line drive
frackville PA 17931

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastre District

|  |  |  |
|---|---|---|
| Kendall Hudson<br>*Plaintiff(s)*<br><br>v.<br><br>Laurel Harry<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Houser
1920 Technology Parkway
mechanicsburg PA 17050

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



INMATE
MAIL

neopost
01/23/2026
US POSTAGE   $011.30⁰

GROUND ADV

IMI

ZIP 16239
041L12205275

Kendall Hudson
HZ2808
SCI Forest
PO BOX 307
286 Woodland Drive
marienville, PA 16239

EASTREN DISTRICT OF PA
OFFICE OF THE CLERK
UNITED STATES DISTRECT COURT
PHILADELPHIA PA 19106-9865



RECEIVED
JAN 28 2026

X-RAY
USM?

UNITED STATES
POSTAL SERVICE®   quadient

**USPS TRACKING #**



9488 8178 9820 3276 0279 88

Label 888-QDT, March 2023

"Lesal mail"